UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOSEFINA CASTILLO, § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 5:15-CV-265 |
| § | |
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S, LONDON SUBSCRIBING TO § | |
| POLICY NUMBER NAH050287103 and § | |
| ARMANDO VALENCIA, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

For the following reasons, the Court hereby **REMANDS** this case to the 49th Judicial District Court of Webb County, Texas.

### I. BACKGROUND

This is an insurance-coverage dispute arising from property damage to Plaintiff's home following a hailstorm. Plaintiff, the insured and a Texas citizen, filed suit against Defendants Certain Underwriters at Lloyd's (Underwriters) and Armando Valencia in state court. (Dkt. No. 1-2). Underwriters is the insurer and a foreign citizen.[1] Valencia is the insurance adjuster and a Texas citizen. Plaintiff primarily alleges that Defendants breached the insurance policy and violated the Texas Insurance Code. Although Plaintiff and Valencia are both Texas citizens, Underwriters removed the case to this Court, claiming that Valencia was

---

[1] In its Notice of Removal, Underwriters merely indicates that it is not a Texas citizen. (Dkt. No. 1 at 1).

improperly joined. (Dkt. No. 1).[2] Plaintiff did not move to remand or respond to the improper-joinder allegations. Instead, shortly after the case was removed, the Parties filed a Joint Motion to Abate requesting abatement until the appraisal process was complete. (Dkt. No. 3). The appraisal award was determined, and Plaintiff received a check totaling $12,620.11. (Dkt. No. 7-5 at 3).

Underwriters now moves for summary judgment, arguing that the payment of the appraisal award estops Plaintiff from proceeding with her breach-of-contract and extra-contractual claims. (Dkt. No. 7). In turn, Plaintiff argues that appraisal merely calculates the value of damage from a loss but does not protect Underwriters from its breach of contract or violations of the Texas Insurance Code. (Dkt. No. 8).

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) subject matter jurisdiction exists and (2) the removal procedure is properly followed. Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). This burden requires all disputed factual issues and any

---

[2] Underwriters included irrelevant original petitions that do not pertain to this case as attachments in the Notice of Removal. (Dkt. Nos. 1-9, 1-10). The Court disregards these attachments and cautions Counsel to carefully review exhibits before filing them.

uncertainties under controlling state law to be resolved in favor of remand. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

With limited exceptions, "[a] federal district court has removal jurisdiction over an action if the district court could have exercised original jurisdiction over it." *Elam v. Kansas City S. Ry Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (citing 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction in cases where the amount in controversy exceeds $75,000 and which are between, *inter alia*, "citizens of different States." 28 U.S.C. § 1332(a)(1). The doctrine of improper joinder, however, "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

**B. Improper Joinder**

When a "plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). The removing party has the heavy burden of proving improper joinder. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

Improper joinder can be established two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). To make the second showing,

a defendant must demonstrate that there is no possibility that the plaintiff will recover against the non-diverse defendant under the relevant law. *Id.*

Under this analysis, there are two ways to determine whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary-judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–74. The latter method is applicable only if the plaintiff has stated a claim against the non-diverse defendant, but summary-judgment evidence reveals facts withheld by the plaintiff relevant to the propriety of joinder. *Id.*

### C. Pleading Standard

The Fifth Circuit recently held that the federal pleading standard applies to the improper-joinder. *Int'l Energy Ventures Mgnt., L.L.C. v. United Energy Grp,. Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under the federal standard, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels and conclusions, formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Federal courts are duty-bound to consider their jurisdiction sua sponte.

*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Therefore, before addressing the merits of Defendant's Motion for Summary Judgment, the Court must find that it has jurisdiction over this case.

Since Plaintiff's Original Petition seeks damages over $100,000, (Dkt. No. 1-2 at 13), the amount-in-controversy requirement is met. Turning to the diversity-of-citizenship requirement, Plaintiff and Valencia are both Texas citizens. While Plaintiff did not challenge the allegation that Valencia was improperly joined, the Court must still consider the issue, which ultimately turns on Plaintiff's ability to establish a cause of action against Valencia as the insurance adjuster.

Section 541.060 of the Texas Insurance Code provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in [certain enumerated] settlement practices with respect to a claim by an insured," including:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; . . .
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; . . .
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .

TEX. INS. CODE § 541.060(a). Claims under this statute can be brought against

insurers as well as insurance adjusters in their individual capacities. *See Gash v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities."); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 487 (Tex. 1998) (holding that Chapter 541 "provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance").[3]

Plaintiff's Original Petition raises numerous individual allegations against Valencia as the insurance adjuster, namely, for Valencia's alleged substandard inspection, inadequate settlement offer, inequitable and outcome-oriented investigation, and underpayment and mishandling of the claim, among others. (Dkt. No. 1-2). According to the Petition, Valencia "ignored covered damages including but not limited to the roof, exterior, bedroom 1, bedroom 2, bedroom 3, bedroom 4, bathroom, living room and kitchen." (*Id.* at 9).

In evaluating these claims, the Court re-emphasizes that the heavy burden of proving improper joinder is on the party seeking removal, *Smallwood*, 385 F.3d at 574, and that all contested facts and ambiguities of controlling state law must be resolved in favor of remand. *Guillory*, 434 F.3d at 308. To that end, the Court notes

---

[3] *Garrison* and *Gash* dealt with Article 21.21, Chapter 541's predecessor. But because Chapter 541 was a non-substantive recodification of Article 21.21, their broader holding still stands. *See Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 570 n.5 (5th Cir. 2006); *Doss v. Warranty Underwriters Ins. Co.*, No. 04-11-00776-CV, 2012 WL 5874316, at *2 n.1 (Tex. App.—San Antonio Nov. 21, 2012).

that district courts are divided over whether allegations similar to the ones involved here warrant remand when reviewed under the federal pleading standard.[4] This split among the courts favors remand because it supports the notion that there are ambiguities regarding the sufficiency of these types of pleadings in light of the controlling state law. Accordingly, despite the potential weakness of Plaintiff's claims, the Court finds that the allegations are sufficient to support a potentially viable claim against Valencia, individually, for violating section 541.060(a)(2)(A) of the Texas Insurance Code.[5] Therefore, Valencia was not improperly joined and must be counted for diversity purposes.

---

[4] *Compare Johnson v. The Travelers Home & Marine Ins. Co.*, No. CV H-16-449, 2016 WL 4061146, at *4 (S.D. Tex. July 29, 2016) (Miller, J.) (denying remand), *and Walters v. Metro. Lloyds Ins. Co. of Tex.*, No. 4:16-CV-307, 2016 WL 3764855, at *4 (E.D. Tex. July 14, 2016) (Mazzant, J.) (denying remand), *and Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *5 (S.D. Tex. July 11, 2016) (Hanks, J.) (finding improper joinder), *and Petree v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:16-CV-0735-G, 2016 WL 3090592, at *5 (N.D. Tex. June 2, 2016) (Fish, J.) (denying remand), *with Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *4 (N.D. Tex. July 13, 2016) (Lynn, J.) (granting remand), *and Robinson v. Allstate Tex. Lloyds*, No. CV H-16-1569, 2016 WL 3745962, at *3 (S.D. Tex. July 13, 2016) (Atlas, J.) (granting remand), *and Landero v. Liberty Ins. Corp.*, No. 1:16-CV-008-P-BL, 2016 WL 3866358, at *5 (N.D. Tex. June 15, 2016) (Frost, J.), *report and recommendation adopted*, No. 1:16-CV-008-C, 2016 WL 3866559 (N.D. Tex. July 13, 2016) (Cummings, J.) (granting remand).

[5] A Texas appellate court recently held in conclusory terms that section 541.060(a)(2)(A) only "addresses the duties owed by an insurer who issued a policy of insurance to an insured." *Tex. City Patrol, LLC v. El Dorado Ins. Agency, Inc.*, No. 01-15-01096-CV, 2016 WL 3748780, at *3 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. Op., not designated for publication). The appellate court, however, failed to reconcile its holding with the more general rule established by the Texas Supreme Court that adjusters are in the business of insurance and can be held individually liable under Chapter 541. *See Garrison* 966 S.W.2d at 487. Nor does its holding mesh with the statutory language which focuses on "effectuating" a fair settlement. An adjuster's investigation certainly has an effect on the settlement process. *See Denley Group, LLC v. Safeco Ins. Co. of Indiana*, 3:15-CV-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015) (arguing that "effectuating a settlement" necessarily includes an adjuster's investigation). The Court need not definitively reconcile this conflict because the improper-joinder analysis requires the Court to resolve all ambiguities in the controlling state law in favor of remand. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## IV. CONCLUSION

Underwriters failed to meets its burden of proving that Valencia, the non-diverse defendant, was improperly joined. Therefore, the Court hereby **REMANDS** this case to the 49th Judicial District Court of Webb County, Texas.

It is so **ORDERED.**

**SIGNED** November 18, 2016.

_____
Marina Garcia Marmolejo
United States District Judge